UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
VAESHENDRA NANDALALL and
AMEELA TWAHEEL,

               Plaintiffs,

        -against-

LIBERTY INSURANCE CORPORATION,

               Defendant.

------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-4790 (OEM) (VMS)

ORELIA E. MERCHANT, United States District Judge:

On March 19, 2025, Vaeshendra Nandalall and Ameela Twaheel ("Plaintiffs") commenced

this action against Liberty Insurance Corporation ("Defendant") in the Supreme Court of the State

of New York, County of Queens, Index No. 707879/2025, by filing a summons with notice seeking

monetary and declaratory relief relating to Defendant's alleged failure to indemnify them for two

losses covered by the parties' insurance policy. *See generally* Summons with Notice, Dkt. 1-1

("Summons with Notice");[1] Complaint, Dkt. 12 ("Complaint" or "Compl."). On July 30, 2025,

Plaintiffs served that Summons with Notice on Defendant, *see* Summons with Notice at 6, and on

August 27, 2025, Defendant removed the case to federal court, *see generally* Notice of Removal,

Dkt. 1 ("Notice of Removal").

Before the Court is Defendant's fully briefed motion to dismiss. *See generally* Liberty

Insurance Corporation's Memorandum of Law in Support of Motion to Dismiss, Dkt. 22-9

("Motion" or "Mot."); Memorandum of Law in Opposition to Liberty Insurance Corporation's

Motion to Dismiss, Dkt. 24 ("Opposition" or "Opp'n"); Liberty Insurance Corporation's Reply

---

[1] Citations to the Summons with Notice refer to the page numbers contained in the automatically generated ECF header.

Memorandum of Law in Further Support of Motion to Dismiss, Dkt. 23 ("Reply").  For the following reasons, Defendant's Motion is denied in part and granted in part.

**BACKGROUND**[2]

### A.  The Parties

Plaintiffs are individuals who are domiciled in New York and who reside at 111-12 153rd Street, Jamaica, New York, 11433 (the "Property").  Compl. ¶ 1.

Defendant is a corporation formed under Massachusetts law with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts, 02116.  *Id.* ¶ 2.  Defendant does business in New York and is "licensed to issue property insurance policies and conduct business" there.  *Id.* ¶ 2; *see id.* ¶ 3.

### B.  The Losses

This case arises out of two fires that took place at the Property: one on or about March 20, 2023 ("March Loss"), and another on or about April 4, 2023 ("April Loss") (collectively, the "Losses").  *Id.* ¶¶ 14-15.

Plaintiffs assert that they "owned and had an insurable interest in the building, contents, fixtures, completed additions, and completed operations located at the Property," *id.* ¶ 11, and that Defendant issued them an insurance policy "bearing policy number H37-221-829311-40 2 6," through which "it insured the Property therein against risks of loss."  *Id.* ¶ 12; *see* Mot., Exhibit A, Dkt. 22-2 (the "Policy").[3]

Plaintiffs allege that the Losses "resulted in damage to the building, contents, fixtures, and loss of personal property at the Property" and that they took place "while the Policy was in full

---

[2] The following facts are taken from the Complaint and assumed to be true for the purposes of Defendant's Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] When citing to the Policy, the Court refers to the page numbers contained in the automatically generated ECF header.

2

force and effect." Compl. ¶¶ 14-15. Plaintiffs contend that they notified Defendant of the Losses "as soon thereafter as was practical," *id.* ¶ 17, and "submitted to [Defendant's] request for a complete investigation of all facts and circumstances surrounding the Losses," *id.* ¶ 18.

To date, however, Plaintiffs assert that Defendant "failed to carry out a good faith investigation surrounding the [Losses] . . . with the end result being a significant underpayment for each claim." *Id.* ¶ 23. Defendant has ostensibly "failed to fully indemnify and pay the full extent of both Losses." *Id.* ¶ 24. Plaintiffs allege that they "have not obtained any other insurance upon the Property." *Id.* ¶ 20.

## C. Procedural History

On March 19, 2025, Plaintiffs filed their Summons with Notice in the Supreme Court of the State of New York, County of Queens. *See generally* Summons with Notice. In doing so, Plaintiffs notified Defendant that they were suing for "Breach of Contract and breach of the duties of good faith and fair dealing with regard to Defendant's failure to fully indemnify" them under the Policy for both Losses, as well as for a "Declaratory Judgment setting forth" Defendant's obligations under the Policy. Summons with Notice at 1-2. Plaintiffs additionally stated that they sought an award for "appropriate interest, consequential damages, the costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just and proper." *Id.* at 2-3. Subsequently, on July 30, 2025, 133 days later, Plaintiffs served the Summons with Notice on Defendant. *See id.* at 6.

On August 27, 2025, Defendant removed the case to federal court. *See generally* Notice of Removal.

On September 3, 2025, Defendant filed a request for a pre-motion conference on an anticipated Federal Rule of Civil Procedure 12(b)(5) ("Rule 12(b)(5)") motion to dismiss for insufficient service of process, *see* Letter from Defendant to the Court (Sep. 3, 2025), Dkt. 5; on

September 9, 2025, Plaintiffs opposed that request, *see* Letter from Plaintiffs to the Court (Sep. 9, 2025), Dkt. 7; and on September 11, 2025, the Court granted the request, scheduling a pre-motion conference for September 23, 2025. The Court subsequently rescheduled the conference to October 9, 2025, at Plaintiffs' request and with Defendant's consent. *See* Letter from Plaintiffs to the Court (Sep. 19, 2025), Dkt. 8; Order, dated Sep. 22, 2025.

On October 9, 2025, the Court held the pre-motion conference on Defendant's anticipated motion to dismiss. *See* Minute Entry, dated Oct. 9, 2025. Because Defendant removed the Summons with Notice from state court before the filing of a complaint, which is necessary to commence an action in federal court under Federal Rule of Civil Procedure 3, at the conference, the Court ordered Plaintiffs to file a complaint on the docket by October 10, 2025, and to serve that complaint on Defendant by October 13, 2025. *Id.* The Court additionally instructed Defendant to respond, either by filing an answer or by filing a pre-motion conference letter, by October 31, 2025. *Id.*

On October 9, 2025, Plaintiffs filed the Complaint, asserting two causes of action against Defendant: (1) breach of contract, "including its duty of good faith and fair dealing," Compl. ¶ 31, for which they seek "in excess of two hundred thousand dollars ($200,000.00)," *id.* ¶ 32, and (2) declaratory relief, for which they seek entry of a declaratory judgment that will set forth Defendant's obligations under the Policy, *id.* ¶ 38. Plaintiffs seek "[p]re-judgment interest from the date of the denial, and post-judgment interest on the amounts awarded, together with the costs and disbursements of this action" and any "such other relief as the Court may deem just and proper." *Id.* ¶ 39(b).

On October 30, 2025, Defendant filed a second pre-motion conference request on an anticipated Rule 12(b)(5) and Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") motion

to dismiss. *See* Letter from Defendant to the Court (Oct. 30, 2025), Dkt. 18. Plaintiffs opposed Defendant's second request on November 6, 2025. *See* Letter from Plaintiffs to the Court (Nov. 6, 2025), Dkt. 19. On November 7, 2025, the Court denied Defendant's second request and set a briefing schedule. In conformance with that schedule, Defendant filed its fully briefed Motion on January 16, 2026. *See generally* Mot.; Opp'n; Reply.

## LEGAL STANDARDS

### A. Dismissal for Failure to Adequately Serve in an Action Removed from State Court

To survive a Rule 12(b)(5) motion, a "plaintiff must demonstrate that she adequately served the defendants." *Buon v. Spindler*, 65 F.4th 64, 73 (2d Cir. 2023). Where service of process is effected prior to removal, "the propriety of service must be determined by reference to state law." *Mecca v. Lennon*, 16-CV-1414, 2017 WL 1410790, at *3 (E.D.N.Y Apr. 18, 2017) (quoting *PH Int'l Trading Corp. v. Nordstrom, Inc.*, 07–CV–10680 (KMK), 2009 WL 859084, at *3 (S.D.N.Y. Mar. 31, 2009)); *accord Cont'l Indus. Grp., Inc. v. Altunkilic*, 633 F. App'x 61, 62 n.1 (2d Cir. 2016). *See generally* 4A WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1082 (4th ed. 2026). Once a case is removed to federal court, however, federal procedural rules govern. *See* FED. R. CIV. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 134–35 (1992) (interpreting Federal Rule of Civil Procedure 81(c)). *See generally* 14C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 3738 (4th ed. 2025). When deciding a Rule 12(b)(5) motion, the Court may "look[] to materials outside of the pleadings in determining whether service of process has been insufficient." *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 594 (E.D.N.Y. 2013) (quoting *Keller v. Star Nissan, Inc.*, 07–CV–4551 (ENV)(SMG), 2009 WL 4281038, at *4 (E.D.N.Y. Nov. 30, 2009)).

**B. Motion to Dismiss for Failure to State a Claim**

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a complaint need not contain "detailed factual allegations" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are insufficient. *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Defendant moves to dismiss the Complaint on three grounds: (1) that it is time-barred under the Policy, *see* Mot. at 5-7; (2) that it was improperly served, *see id.* at 5-17; and (3) that it fails to state a claim upon which relief can be granted with respect to its "extra-contractual" claim for consequential damages, *id.* at 17-20. The Court addresses each argument in turn.

**A. The Complaint Is Not Time-Barred.**

First, Defendant asks this Court to dismiss Plaintiffs' entire Complaint as time-barred under the Policy's two-year limitations clause. *See id.* at 5-6; FED. R. CIV. P. 12(b)(6). Defendant asserts that the limitations clause is not ambiguous, Mot. at 6, and that Plaintiffs failed to meet it both by not "timely serv[ing]" the Summons with Notice and by not timely filing the Complaint, *id.* at 7. In response, Plaintiffs agree that the limitations clause required them to start an action within two years but argue that, by filing the Summons with Notice on March 19, 2025, they complied with

6

the two-year limitation clause because New York law provides for the commencement of an action by filing, rather than serving, a summons with notice.  Opp'n at 4-6.

Plaintiffs' Complaint is not time-barred.[4]  Under New York principles of contract interpretation,[5] "[a]n unambiguous policy provision must be accorded its plain and ordinary meaning, and the court may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists." *10012 Holdings, Inc. v. Sentinel Ins.,* 507 F. Supp. 3d 482, 486 (S.D.N.Y. 2020) (quoting *Chiarello ex rel. Chiarello v. Rio*, 59 N.Y.S.3d 129, 131 (2d Dep't 2017)); *Breed v. Ins. Co. of N. Am.*, 385 N.E.2d 1280, 1282-83 (N.Y. 1978).  "[T]he issue of whether a provision is ambiguous is a question of law" and "focuses on the reasonable expectations of the average insured upon reading the policy."  *10012 Holdings, Inc.*, 507 F. Supp. 3d at 486 (quoting *Hansard v. Fed. Ins*, 46 N.Y.S.3d 163, 166 (2d Dep't 2017)).

The Policy's limitations provision is not ambiguous.  It limits "action[s]" against Defendant to those "started within two years after the inception of the loss."  Policy at 40.  It further explains that "inception of the loss means the date on which the direct physical loss or damage occurred." *Id.*  It is well settled that "after the inception of the loss" is a "term of art [that] fixes the limitations period to the date of the accident." *Fabozzi v. Lexington Ins.*, 601 F.3d 88, 91 (2d Cir. 2010); *see*

---

[4] Courts in this Circuit regularly analyze limitation clauses under New York law at the motion-to-dismiss stage. *See, e.g.*, *Sportsinsurance.com, Inc. v. Hanover Ins.*, 21-1967-cv (L) & 21-2063-cv (XAP), 2022 WL 16706941, at *3-4 (2d Cir. Nov. 4, 2022) (reviewing a district court's dismissal of a breach-of-contract claim in an insurance case due to a two-year limitations clause); *Camali TV, Inc. v. Travelers Prop. Cas. Co. of Am.*, 22-CV-06278 (HG), 2024 WL 22742, at *6-7 (E.D.N.Y. Jan. 2, 2024) (assessing an insurance limitations clause on a motion to dismiss).  In doing so, the Court may go beyond the four corners of the Complaint to review the Policy because the Policy is incorporated within and integral to the Complaint itself. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153-54 (2d Cir. 2002); *see, e.g.*, *Michael Cetta, Inc. v. Admiral Indem. Co.*, 506 F. Supp. 3d 168, 170 (S.D.N.Y. 2020) ("The Court at this stage may also consider statements or documents incorporated into the Complaint by reference, such as coverage provisions in the insurance contract at issue.").

[5] There is no dispute that New York law applies. *See* Mot. at 5; Opp'n at 4; *see also Arch Ins. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009) ("The parties' briefs assume that New York substantive law governs the issues . . . presented here, and such implied consent is, of course, sufficient to establish the applicable choice of law." (quoting *Golden Pac. Bancorp v. FDIC*, 273 F.3d 509, 514 n.4 (2d Cir. 2001))).

*also Proc v. Home Ins.*, 217 N.E.2d 136, 138-39 (N.Y. 1966).  Indeed, the parties do not contest that the provision runs from the date of the Losses—March 20, 2023, and April 4, 2023—rather, their arguments interpret the word "started."  Mot. at 7; Opp'n at 4-6.  Defendant contends that an action is "started" under the Policy when a summons and complaint are served, Mot. at 7, whereas Plaintiffs assert that the filing of a summons with notice is sufficient, Opp'n at 4-6.

Plaintiffs have the better argument.  An average insured reading the Policy would reasonably assume that "started" means to have commenced an action under New York law.  Merriam-Webster lists "started" under its definition for the verb "start," which is defined in several ways, all oriented toward beginning something, for example, "1: to do or experience the first stages or actions of"; "2a: to cause to move, act, or operate"; "2b: to cause (something) to begin or begin in a certain way"; "3: to cause to exist or happen"; "4: to begin the use of"; and "5: to bring up for consideration or discussion."  *Start*, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/start (last visited June 11, 2026).  Merriam-Webster specifically lists "commence" as a synonym.  *Id.*  Commensurate with this plain and ordinary meaning, courts in this Circuit have read similar limitations provisions alongside the New York Civil Practice Law and Rules, which provide that "[a]n action is commenced by filing a summons and complaint or summons with notice."  N.Y. C.P.L.R. 304(a); *see, e.g.*, *Sanderson v. First Liberty Ins.*, 8:16-CV-644, 2017 WL 1403274, at *1-3 (N.D.N.Y. Apr. 19, 2017) (applying New York Civil Practice Law and Rules to a provision identical to the one here, where a plaintiff similarly filed a summons with notice late).  Because Plaintiffs filed the Summons with Notice on March 19, 2025, one day before the two-year limitations period ended for the March Loss and approximately two weeks before the two-year limitations period ended for the April Loss, the Complaint is not time-barred.

Defendant's arguments to the contrary are unavailing. On the one hand, Defendant argues for the application of New York law, both in the interpretation of the Policy and in the Court's service analysis. *See* Mot. at 5-17; Reply at 3-8; *see* Discussion Section B *infra*. But, on the other hand, Defendant asserts, contrary to New York law, that "started" should be interpreted to mean the *filing* of the Complaint or the *service* of the Summons with Notice. *See* Mot. at 7. As explained above, however, New York law provides that "[a]n action is commenced by *filing* a summons and complaint *or* summons with notice." N.Y. C.P.L.R. 304(a) (emphasis added). A plaintiff then has 120 days to *serve* that summons and complaint or summons with notice on a defendant. N.Y. C.P.L.R. 306-b. Defendant conflates the federal commencement rules with the state commencement rules. *See* FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court."); FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); FED. R. CIV. P. 4(m) (providing 90 days in which to serve a summons and complaint after the filing of the complaint). Further, Defendant's conflation of "started" the action with "service" is unsupported by law or the Policy.

Accordingly, Defendant's motion to dismiss the Complaint as time-barred is denied.

## B. Plaintiffs Were Entitled to a Service Extension.

Next, Defendant asks this Court to dismiss Plaintiffs' Complaint due to insufficient service of process. *See* Mot. at 5-17; FED. R. CIV. P. 12(b)(5). Defendant asserts that Plaintiffs served the Summons with Notice 13 days late under New York procedural law and that Plaintiffs are not entitled to any extension. Mot. at 7-17. In response, Plaintiffs concede that they served their Summons with Notice late; however, they argue that they are entitled to an extension. Opp'n at 4-10.

9

The Court declines to dismiss Plaintiffs' Complaint for improper service.  In New York, an action may be commenced "by filing a summons and complaint *or* summons with notice."  N.Y. C.P.L.R. 304(a) (emphasis added).  Service of the summons and complaint or summons with notice must then "be made within one hundred twenty days after the commencement of the action or proceeding."  N.Y. C.P.L.R. 306-b.  The parties agree that, prior to removal, Plaintiffs filed a summons with notice, rather than a summons and complaint and that Plaintiffs served the Summons with Notice 13 days beyond the 120-day window set by New York Civil Practice Law and Rules 306-b.  *See* Summons at 4; Affidavit of Service, Dkt. 1-1; Mot. at 2-3, 7; Opp'n at 3-5, 8.

Once Defendant removed this action to federal court on August 27, 2025, the Court directed Plaintiffs to file their Complaint by the end of the day on October 10, 2025, and to serve the Complaint on Defendant by October 13, 2025.  *See* Minute Entry, dated Oct. 9, 2025.  To commence a case in federal court, unlike in New York, a plaintiff must file a complaint.  FED. R. CIV. P. 3 ("A civil action is commenced by filing a complaint with the court.").  That complaint must then be served upon a defendant with a summons within 90 days after the complaint is filed.  FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."); FED. R. CIV. P. 4(m).  Acting on the Court's order and in conformance with the federal rules, Plaintiffs filed the Complaint on October 9, 2026, *see* Compl., and served Defendant with the Complaint on October 14, 2025, *see* Mot. at 3.

Notwithstanding Plaintiffs' 13-day delay in serving the Summons with Notice, Plaintiffs were entitled to an extension.  U.S. Code title 28, section 1448, affords plaintiffs a new opportunity to serve once a matter has been removed to federal court and where service was flawed in state court:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

This is so "even if the time to serve under state law had expired before the case was removed." 2 STEVEN S. GENSLER, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY § 81:13 (2025); *see, e.g.*, *Consiglio v. Ward Trucking, LLC*, 11–CV–06100 (RRM)(VVP), 2012 WL 4498895, at *2-3 (E.D.N.Y. Sep. 27, 2012) (applying 28 U.S.C § 1448 and Federal Rule of Civil Procedure 4(m) ("Rule 4(m)") when granting an extension after late filing in New York State court); *Millet v. Selip & Stylianou LLP*, 15-CV-773, 2020 WL 979787, at *3 (W.D.N.Y. Feb. 28, 2020) (same).

Applying 28 U.S.C § 1448, a court "must extend the time for service for an appropriate period" where "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). Whether good cause exists lies within "the sound discretion of the district court." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *See DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

In fact, a court may extend a deadline "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *see also Zapata*, 502 F.3d at 196 ("We hold that district courts have discretion to grant extensions even in the absence of good cause."). When determining whether to grant a plaintiff an extension in the absence of good cause, courts in this District consider several factors, including: "(1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether

11

defendant would be prejudiced by extending plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66.

Further, even if 28 U.S.C § 1448 did not apply, as Defendant argues, *see* Mot. at 7-10, New York law recognizes a similar exception to its service rules, *see Leader v. Maroney, Ponzini & Spencer*, 761 N.E.2d 1018, 1025 (N.Y. 2001). In New York, a court "shall" extend the time to serve "upon good cause shown or in the interest of justice." N.Y. C.P.L.R. 306-b. "Good cause" requires a plaintiff to show "reasonably diligent efforts at service as a threshold matter," while the "interest of justice" requires a court to assess the parties' "competing interests." *Leader*, 761 N.E.2d at 1025. In analyzing the "interest of justice" exception, courts "may consider diligence, or lack thereof, along with any other relevant factor in making its determination, including expiration of the Statute of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant." *Id.*; *see PH Int'l*, 2009 WL 859084, at *3.

Plaintiffs are entitled to an extension under either standard. As discussed on the record at the conference held on October 9, 2025, Mot., Exhibit D at 5:23-6:2, 8:3-10, Dkt. 22-5, and again in Plaintiffs' Opposition, Opp'n at 8; Declaration of Howard Guttman ¶¶ 5-7, Dkt. 24-1, the 13-day delay in serving the Summons with Notice was the result of ongoing discussions about Plaintiffs' claims between the parties. This slight delay, coupled with Defendant's awareness of the claims against them prior to service, vitiates Defendant's assertion of prejudice as a result of the purported two-year cap on claims under the Policy. *See* Mot., Exhibit D at 5:1-6:18, 8:3-10, Dkt. 22-5. Moreover, any asserted prejudice linked to the alleged two-year limitations period, in fact, favors Plaintiffs, *see Millet*, 2020 WL 979787, at *3, and "[D]efendant has not indicated, for example, that with that passage of time, it has lost any opportunity to secure necessary evidence

12

or has otherwise been prejudiced in its ability to defend itself against this lawsuit," *Consiglio*, 2012 WL 4498895, at \*2; *see also Sanderson*, 2017 WL 1403274, at \*2-3 (granting an extension where, similar to the circumstances at issue here, a plaintiff filed a summons with notice against his home insurance provider). Further, there is a general preference in this Circuit for resolving disputes on their merits, as opposed to procedural grounds. *See Millet*, 2020 WL 979787, at \*3 (first citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and then citing *New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011)) (noting that this factor weighs in favor of granting an extension).

Defendant's arguments to the contrary do not compel a different result. Relying on case law from other jurisdictions, Defendant argues that 28 U.S.C § 1448 "does not apply to cure the situation where the plaintiff served the defendant with process, but the process was untimely prior to removal." Mot. at 7; *see id.* at 7-10. Even if this were so, which the Court does not hold (and, indeed, the Court is unaware of any binding case law in this Circuit to that extent, nor does Defendant cite any),[6] Plaintiffs would still be entitled to an extension under New York's "interest

---

[6] In support of its argument that 28 U.S.C § 1448 is inapplicable, Defendant references two non-binding cases in which similar Rule 12(b)(5) motions were denied: *Consiglio*, 2012 WL 4498895, and *Millet*, 2020 WL 979787. *See* Mot. at 8-10. Both of these cases, however, support, rather than undermine, the need for an extension.

*Consiglio* was a motor vehicle accident case involving a longer, six-month delay between the filing of a state-court complaint and summons and their service on the defendant. *Consiglio*, 2012 WL 4498895, at \*1. Applying 28 U.S.C § 1448 *and* Rule 4(m), the court held that an extension was warranted because the "plaintiffs undoubtedly face[d] substantial prejudice should this action be dismissed as their claims would be extinguished by the statute of limitations" and because the defendant had "not indicated, for example, that with that passage of time, it has lost any opportunity to secure necessary evidence or has otherwise been prejudiced in its ability to defend itself against this lawsuit." *Consiglio*, 2012 WL 4498895, at \*2. "Indeed," the court found that "the prejudice to this defendant has been mitigated by the fact that it has been on notice of the underlying incident and plaintiffs' claims for years preceding the commencement of the action through extensive settlement discussions between plaintiffs' counsel and defendant's insurer." *Id.* Such is the case here. It does not, contrary to Defendant's assertion, stand for the proposition that 28 U.S.C § 1448 has no applicability to late state-court process.

Nor does *Millet*. *Millet* involved a 12-day delay in serving a summons and complaint on the defendants in a Fair Debt Collection Act case that was filed years beyond the one-year statute of limitations applicable to those claims. *Millet*, 2020 WL 979787, at \*1. Even so, the Court applied 28 U.S.C § 1448 *and* Rule 4(m) and granted an extension due to the prejudice relating to the expiration of the statute of limitations and a determination that the defendants attempted to conceal the defect in service. *Millet*, 2020 WL 979787, at \*3-4. Similar prejudice would result here, were the Court to deny an extension.

of justice" exception for the reasons discussed above.  Defendant's additional arguments to the contrary focus solely on the "good cause" exception under New York law, *see* Mot. at 13-17; Reply at 5-8, which requires a showing of "reasonably diligent efforts at service as a threshold matter," *Leader*, 761 N.E.2d at 1025.  But Plaintiffs do not argue for a "good cause" extension under New York law, *see* Opp'n at 8-10, and Defendant is markedly silent on the "interest of justice" exception.  *See* Mot. at 2 (acknowledging that Plaintiffs intended to raise this ground but then failing to put forward any arguments on that point).  In any case, Defendant's assertion that Plaintiffs failed to provide any explanation at all for their delay, *see* Mot. at 13-14, is belied both by Plaintiffs' Opposition, Opp'n at 8; Declaration of Howard Guttman ¶¶ 5-7, Dkt. 24-1, and by the colloquy the Court had with the parties at the October 9, 2025, pre-motion conference, Mot., Exhibit D at 5:23-6:2, 8:3-10, Dkt. 22-5.  Defendant's similar attempt to point out a delay in the service of the Complaint after the October 9, 2025, pre-motion conference falls flat; contrary to Defendant's assertion, *see* Reply at 3, this Court ordered Plaintiffs to "*file* the complaint" by the end of day on October 10, 2025, and to "*serve* the complaint" by October 13, 2025, Minute Entry, dated Oct. 9, 2025 (emphasis added).  Plaintiffs filed the Complaint one day early and served the Complaint one day late.  For the same reasons discussed above, this slight delay does not warrant dismissing the Complaint.

Accordingly, Defendant's Rule 12(b)(5) motion to dismiss for insufficient service of process is denied.

### C.  Plaintiffs Have Failed to State a Claim for Consequential Damages.

Defendant lastly argues that the Complaint's claim for consequential damages should be dismissed for failure to state a claim upon which relief can be granted because Plaintiffs have not alleged that such damages were reasonably foreseeable.  *See* Mot. at 17-20; FED. R. CIV. P.

12(b)(6).  In opposition, Plaintiffs assert that the Complaint "plausibly alleges consequential damages stemming from [Defendant's] egregious conduct, including unreasonable delays in processing and underpayment of claims, which foreseeably caused consequential damages beyond policy limits."  Opp'n at 11.

Plaintiffs do not plausibly state a claim for consequential damages.  In New York, "[i]t is well settled that in breach of contract actions 'the nonbreaching party may recover general damages which are the natural and probable consequence of the breach.''  *Bi-Econ. Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 886 N.E.2d 127, 130 (N.Y. 2008) (quoting *Kenford Co. v. County of Erie*, 537 N.E.2d 176, 178 (N.Y. 1989)).  Consequential damages, by contrast, "compensate a plaintiff for additional losses (other than the value of the promised performance) that are incurred as a result of the defendant's breach," *Schonfeld v. Hilliard*, 218 F.3d 164, 176 (2d Cir. 2000), and are available only when those losses are foreseeable at the time of contracting, *Bi-Econ. Mkt., Inc.*, 886 N.E.2d at 130; *accord Panasia Estates, Inc. v. Hudson Ins.*, 886 N.E.2d 135, 137 (N.Y. 2008).  When assessing foreseeability, courts "look to 'the nature, purpose and particular circumstances of the contract known by the parties . . . as well as 'what liability the defendant fairly may be supposed to have assumed consciously, or to have warranted the plaintiff reasonably to suppose that it assumed, when the contract was made.'"  *Bi-Econ.*, 886 N.E.2d at 130 (quoting *Kenford*, 537 N.E.2d at 179).

Here, the Complaint states:

21. By reason of LIBERTY's contractual undertaking to Plaintiffs pursuant to the Policy to properly evaluate and pay claims thereunder to the extent of Plaintiffs' losses up to the limits prescribed by the Policy, LIBERTY owed and continues to owe Plaintiffs the duties of good faith and fair dealing in connection with the parties' contractual relationship.

22. In accordance with the aforesaid duties of good faith and fair dealing, LIBERTY and its agents, were and are prohibited from undertaking any act which

15

would have the effect of injuring or destroying Plaintiffs' rights deriving from their contractual relationship with LIBERTY under the Policy.

23. Notwithstanding the foregoing, LIBERTY failed to carry out a good faith investigation surrounding the Claims as is required under the duties of good faith and fair dealing, with the end result being a significant underpayment for each claim.

24. That LIBERTY to date has failed to fully indemnify and pay the full extent of both Losses.

25. By way of its failure to fully indemnify Plaintiffs in connection with the Losses, LIBERTY breached the policy.

26. By failing to fully pay Plaintiffs under the Policy to the full extent of Plaintiffs' Losses up to the limits of the Policy, despite legal precedent, statutory authority, and/or contractual obligations of LIBERTY, LIBERTY acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiffs.

Compl. ¶¶ 21-26. As alleged, the Complaint focuses on the Losses, which are both covered by the Policy. It does not assert, in a plausible fashion, any losses, "which would not otherwise be remedied by a full payment of Plaintif[fs'] breach of contract claim." *Violet Realty, Inc. v. Affiliated FM Ins.*, 267 F. Supp. 3d 384, 389 (W.D.N.Y. 2017). That is insufficient. *Compare id.* (finding that plaintiffs failed to state a claim for consequential damages relating to a fire where the complaint similarly focused on delayed payment and where the allegation of consequential damages was conclusory)*, and Dahlinger v. First Am. Specialty Ins.*, 1:19-CV-0020 (LEK/TWD), 2020 WL 1511261, at *4-6 (N.D.N.Y. Mar. 30, 2020) (dismissing a claim for consequential damages that, in addition to not plausibly alleging foreseeability, failed to assert bad faith and particularity of the damages sought)*, and Bryant v. Gen. Cas. Co. of Wis.*, 1:18-CV-562, 2019 WL 367292, at *3-5 (N.D.N.Y. Jan. 30, 2019) (dismissing a claim for consequential damages where the complaint contained conclusory allegations that "amount[ed], at best, to an accusation that defendant did not satisfy the insurance claim in the amount, or on the precise timeline, that plaintiff believed to be appropriate under the circumstances")*, with Bi-Econ. Mkt., Inc.*, 886 N.E.2d at 130-

16

32 (determining that the insured could seek consequential damages where the insured had a fire policy covering business interruption, which the insurer declined to pay, thereby causing the insured to go out of business; plaintiff sought damages from the fire as well as those caused by the loss of business).

Plaintiffs' arguments to the contrary are unavailing.  They contend that "the Complaint details Liberty's bad faith tactics, such as protracted delays in investigation, failure to timely pay undisputed amounts, and undervaluation of losses," Opp'n at 11; however, as alleged, the Complaint's assertions are conclusory.  They contain no detail beyond the fact of their assertion. Moreover, the Complaint does not assert a separate cause of action for breach of the implied covenant of good faith and fair dealing, *see* Compl. ¶¶ 30-38, nor could it as alleged.  "In New York, breach of the implied duty of good faith and fair dealing 'is merely a breach of the underlying contract.'" *Nat'l Mkt. Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 525 (2d Cir. 2004) (quoting *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir.1992)).  Such a claim could not survive unless "supported by allegations different from those underlying the breach of contract claim," which Plaintiffs have not done so here.  *Violet Realty, Inc.*, 267 F. Supp. 3d at 388.

Accordingly, Defendants' motion to dismiss Plaintiffs' claim for consequential damages is granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is denied in part and granted in part.  The Motion is denied to the extent that it seeks to dismiss the Complaint as time-barred and for insufficient service of process and granted to the extent that it seeks to dismiss Plaintiffs' claim for consequential damages.  Accordingly, Plaintiffs' claim for consequential damages only is

dismissed. Defendant shall file an answer to the Complaint by July 8, 2026, and this action shall

proceed to discovery.

SO ORDERED.

_____/s/_____

ORELIA E. MERCHANT
United States District Judge

June 12, 2026
Brooklyn, New York

18